UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS FERNANDO ABREGO-PEREZ,

Petitioner,

v.

TONYA ANDREWS,

Respondent.

No. 1:26-cv-09226-DAD-JDP

ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN *FORMA PAUPERIS*, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL

(Doc. Nos. 1, 2, 3, 4)

On November 9, 2026, , petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis*, (Doc. No. 2), a motion for a temporary restraining order ("TRO"), (Doc. No. 3), and a motion for appointment of counsel, (Doc. No. 4). On November 10, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 10, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondent does not dispute that petitioner was detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 1.) Respondent concedes that this case is "not substantively distinguishable" from the cases cited by the court in its November 10, 2026 order. *Id.* Respondent also does not object to the court ruling on the merits of the petition based on the briefing now before it (*id.*), and the court will do so.

Based upon the parties' submissions, the court finds the following. Petitioner entered the United States at an unknown time and at an unknown place. On October 6, 2026, ICE arrested petitioner in Florida. (Doc. No. 8-1 at 2.) On October 7, the Department of Homeland Security ("DHS") issued a notice to appear to petitioner. (Doc. No. 8-3 at 1.) Respondent does not provide any evidence of a notice of custody determination or a warrant for petitioner's arrest. (*See* Doc. Nos. 8, 8-1, 8-2, 8-3.) Petitioner has remained in immigration custody since the day of his arrest.

The court has previously explained that when the government detains a noncitizen who is subject to 8 U.S.C. § 1226(a) and fails to comply with the procedures set forth in that statutory provision, the immediate release of the noncitizen is warranted. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant and failure to issue a notice to appear prior to or contemporaneously with the noncitizen's detention warranted immediate release.) Here, there is no evidence of a warrant and the notice to appear was issued a day after petitioner was arrested. Accordingly, pursuant to the reasoning in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful because respondent failed to follow the procedures set forth by § 1226(a). The court will therefore grant the pending petition and order petitioner's immediate release from immigration custody.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondent is ORDERED to immediately release petitioner Luis Fernando Abrego-Perez, A-File No. 216-645-515, from respondent's custody;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner to close this case.

IT IS SO ORDERED.

Dated: **November 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE